# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**ROBERT C. SMALL,** *individually and on behalf of others similarly situated,*

    Plaintiff,

    v.

**ALUDYNE US LLC**

    Defendant.

NO. _____

FLSA Opt-In Collective

**JURY TRIAL DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Robert C. Small ("Plaintiff"), individually and on behalf of all others similarly situated employees of Aludyne US LLC ("Defendant") brings this collective action against Defendant Aludyne US LLC ("Defendant") and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and members of the collective.

### II. JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff worked for Defendant in this district during all times relevant to this action. Moreover, Defendant regularly conducted and continues to conduct business in this district, and has engaged, and continues to engage, in the FLSA violations alleged herein in this district during all times material to this cause.

1

Case 3:22-cv-00984   Document 1   Filed 12/05/22   Page 1 of 7 PageID #: 1

### III. COVERAGE

4. Plaintiff and those similarly situated have been "employees" of Defendant, as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

5. Defendant has been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this complaint.

6. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

7. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and in the production of goods in interstate commerce, and its employees have been engaged in interstate commerce.

### IV. CLASS DESCRIPTION

8. Plaintiff brings this FLSA collective action on behalf of the following similarly situated persons:

> All current and former hourly-paid machine operators who were employed by and worked for the Defendant "full time" for at least one week in the United States from at any time from 2020 up to and including the present and who is a Named Plaintiff or elects to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).[1]

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## IV. PARTIES

9. Plaintiff Robert C. Small was employed by Defendant as an hourly-paid employee within this district during all times material herein. Plaintiff Small's Consent to Join this Collective Action is attached hereto as *Exhibit A*.

10. Defendant is a Delaware Limited Liability Company with its principal office located at 300 Galleria Officentre (Suite 501), Southfield, Michigan 48034-8460. Its registered agent for service of process is C T Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

## V. ALLEGATIONS

11. Defendant is a lightweighting components supplier to the mobility industry with manufacturing and processing facilities throughout Tennessee and other states, as well as in other countries.

12. Plaintiff was employed by Defendant as a machine operator and was paid approximately $21.00 per hour for his work.

13. Plaintiff and collective members worked 40 or more hours per week within weekly pay periods during all times relevant and material to this collective action.

14. Plaintiff and class members were often required to work 6 to 7 days per week during their employment.

15. Defendant had a common plan and practice of denying Plaintiff and those similarly situated one and one-half times their regular hourly rate of pay for all hours they worked over 40 per week within weekly pay periods.

16. Specifically, Defendant failed to compensate Plaintiff and collective members at the appropriate overtime rate for all overtime work by:

(a) Requiring and/or suffering Plaintiff and class members to be at their work stations approximately 15 minutes prior to the beginning of their shifts to perform work-related tasks such as moving parts, starting equipment, catching parts, inspecting parts for defects, taking over the machine for the outgoing shift, etc.;

17. Plaintiff and class members were required and/or encouraged to reported to their work stations and be out on the production floor approximately 15 minutes prior to the beginning of their shifts. They then performed work-related tasks "off the clock" during this 15-minute period of time, with the full knowledge of their supervisors and/or management

18. For example, Plaintiff's shift was scheduled to being at 6:30 a.m.; however, Plaintiff was required and/or told to arrive to the facility and be on the production floor by approximately 6:15 a.m. Plaintiff then had to be on the production floor early due to Defendant's policy of not letting machines stop production for shift change.

19. During this 15-minute period of time, Plaintiff would begin work and also take over machine operation for the outgoing employee so that employee could finish cleaning up and complete paperwork by the 6:30 a.m. shift change time.

20. Plaintiff would be written up for being late if he waited until his 6:30 a.m. shift starting time to get out on the production floor.

21. Defendant was aware it was not compensating Plaintiff and class members for all the overtime work hours they performed within weekly pay periods during all times material.

22. Defendant was aware it was "editing-out" earned overtime compensation of Plaintiff and class members within weekly pay periods during all times material.

23. The unpaid overtime compensation claims of Plaintiff and class members are unified through common theories of Defendant's FLSA violations.

24. Defendant failed to record and/or "edited-out" overtime hours worked by Plaintiff and those similarly situated and thus failed to keep proper time and payroll records as required by the FLSA.

25. Defendant's conduct was willful with reckless disregard to the FLSA overtime requirements, and without a good faith basis.

## VI. COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b).

27. Plaintiff's claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

28. While the exact number of collective members is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, he believes there are more than 100 individuals in the class.

29. Plaintiff and collective members are similarly situated as their claims are based on Defendant's compensation and time keeping plans and practices, as previously described.

30. They are similarly situated in that their claims are united through common theories of Defendant's FLSA statutory violations.

31. Defendant acted willfully and/or with reckless disregard to established FLSA overtime wage requirements.

32. Plaintiff and collective members have suffered, and will continue to suffer, irreparable damage from the unlawful compensation plans and practices of Defendant.

## COUNT I
## FLSA OVERTIME WAGE VIOLATIONS

33. Plaintiff repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

34. Defendant failed to pay Plaintiff and collective members for all overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay period during all times material to this Collective Action, as previously described.

35. Defendant has had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff and other collective members at least the applicable FLSA overtime compensation rate of pay for hours over 40 per week, within weekly pay periods during all times material to this action.

36. These claims are unified through common theories of Defendant's FLSA violations.

37. Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

38. Defendant's conduct was without a good faith basis.

39. As a result, it has violated (and continues to violate) the FLSA, 29 U.S.C. § 255(a).

40. Plaintiff and collective members are entitled, and hereby seek, to recover from Defendant compensation for unpaid overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

. **PRAYER FOR RELIEF**

WHEREAS, Plaintiff, individually, and on behalf of himself and all other collective members, requests this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising collective members of the pendency of this action and permitting them the right to opt-in to this action and assert timely FLSA claims by filing individual consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff and class members;

C. An award of liquidated damages to Plaintiff and class members;

D. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and class members;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and class members;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: December 5, 2022.                    Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR # 008323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***